■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LYNCH, Appellant.—Motion by the defendant to disqualify his appellate counsel on an appeal from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered November 8, 1985, on the ground of a conflict of interest.

Ordered that the motion is denied.

The defendant was represented by the Legal Aid Society at trial and on this appeal. In his pro se supplemental brief he claims that his appellate counsel should be relieved because he received ineffective assistance of counsel at trial, and an inherent conflict of interest prevented the Legal Aid Society from addressing his claim on appeal.

It is clear that the defendant received meaningful representation during the trial (see, People v Baldi, 54 NY2d 137, 147). His trial counsel vigorously cross-examined the prosecution's witnesses, disrupted the prosecution's cross-examination of the defendant, suggested that the victims' stories were contrived,

objected no less than seven times during the prosecutor's summation, and interviewed the jurors after the verdict was announced. The defendant claims that he was prejudiced in that his counsel failed to object to the court's failure to marshal the evidence and to a statement the prosecutor made in summation. Even if timely objections had been made, we fail to see how the result in the defendant's case would have been changed. Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.